UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENVIRONMENTAL DEFENSE
ALLIANCE and
WATERKEEPERS FLORIDA,

Plaintiffs,

v. Case No.: 3:25-cv-930-JEP-SJH

LEE M. ZELDIN,

Defendant.
_________________________________/

# ORDER

**THIS CAUSE** is before this Court on the parties' "Joint (Unopposed) Motion to Enter Consent Decree" (Doc. 36). The proposed Consent Decree "resolv[es] Plaintiff's claims" and "requires [the Environmental Protection Agency] to sign a final rule establishing revised and new human health criteria for priority toxic pollutants in Florida by December 1, 2026." (*Id.* at 3–4). "District courts should approve consent decrees so long as they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997); *see McNeil v. 801A1A, LLC*, No. 6:23-cv-351-RBD, 2023 WL 12204871, at *1 (M.D. Fla. June 2, 2023). Upon this Court's review, the parties' proposed Consent Decree warrants approval.

Accordingly, it is **ORDERED**:

1. The parties' "Joint (Unopposed) Motion to Enter Consent Decree" (Doc. 36) is **GRANTED**.

2. The Consent Decree (Doc. 36-1) is **ADOPTED** as set forth below.

3. This Court **RETAINS** jurisdiction over this matter for the purpose of enforcing the terms of the Consent Decree.[1]

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is directed to terminate any pending motions and close this case.

6. The following decree is **ENTERED** in favor of Plaintiffs Environmental Defense Alliance and Waterkeepers Florida and against Defendant Lee M. Zeldin in his official capacity of Administrator of the United States Environmental Protection Agency ("**EPA**"):

**<u>CONSENT DECREE</u>**

**WHEREAS**, on August 19, 2025, Plaintiffs Environmental Defense Alliance and Waterkeepers Florida filed a Complaint against Defendant Lee M. Zeldin in his official capacity of Administrator of the United States Environmental Protection Agency (EPA) alleging that EPA failed to undertake

[1] "[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) (emphasis in original).

a nondiscretionary duty under the Clean Water Act, 33 U.S.C. § 1313(c)(4), to promulgate water quality standards (WQS) within ninety days of proposing them;

**WHEREAS**, 33 U.S.C. § 1313(c) directs States to submit from time to time and as may be appropriate revised or new water quality standards to EPA for its review;

**WHEREAS**, if EPA determines that a State's revised or new water quality standards meet the requirements of the Clean Water Act, EPA must approve those revised or new standards within 60 days after submission by the State. *Id.* § 1313(c)(3). Upon approval by EPA, a State's standards become effective under the Clean Water Act. 40 C.F.R. § 131.21(c);

**WHEREAS**, if the new or revised standards are not consistent with the Clean Water Act's requirements, EPA must notify the State within 90 days and specify the changes needed to meet those requirements. *Id.* § 131.21(a)(2). If the State does not make the needed changes within 90 days of EPA's notification, EPA must "promptly prepare and publish proposed [water quality standard] regulations" for the State. 33 U.S.C. § 1313(c)(4). EPA must then issue final standards within 90 days of publishing the proposed standards unless, "prior to such promulgation, [the] State has adopted a revised or new water quality standard which the Administrator determines to be in accordance with this chapter." *Id.* § 1313(c)(4);

**WHEREAS**, EPA may also independently propose water quality standards, if it determines that a revised or new standard is "necessary to meet the requirements" of the Clean Water Act. *Id.* § 1313(c)(4)(B); 40 C.F.R. § 131.22(b). Unless the State revises its water quality standards and EPA approves the State's revision, EPA must then proceed, within 90 days of its proposal, to promulgate the standards itself. 33 U.S.C. § 1313(c)(4); 40 C.F.R. § 131.22(a);

**WHEREAS**, in December 2022, EPA made a determination under 33 U.S.C. § 1313(c)(4)(B) that revised and new numeric water quality criteria for priority toxic pollutants are needed to protect against adverse human health effects from the presence of such pollutants in Florida's surface waters;

**WHEREAS**, in December 2023, EPA published proposed regulations setting forth revised numeric water quality criteria for 36 priority toxic pollutants and new numeric water quality criteria for 37 priority toxic pollutants in Florida's surface waters. 88 Fed. Reg. 85530, 85540 (Dec. 8, 2023);

**WHEREAS**, on February 7, 2025, Plaintiff sent EPA a Notice of Intent to Sue pursuant to Clean Water Act sections 505(b)(2), 33 U.S.C. 1365(b)(2), that alleged EPA's failure to perform a duty to promulgate final water quality criteria for priority toxic pollutants in Florida's surface waters under 33 U.S.C. § 1313(c)(4)(B);

**WHEREAS**, to date, EPA has not promulgated final regulations setting

forth revised and new water quality criteria for priority toxic pollutants in Florida's surface waters;

**WHEREAS**, the relief requested in the Complaint for this case includes an order from this Court to compel EPA to promulgate final regulations establishing new and revised numeric water quality criteria for priority toxic pollutants in Florida's surface waters;

**WHEREAS**, Plaintiffs and EPA agree that it is in the interest of the parties, public, and judicial economy to resolve this matter without protracted litigation and accordingly intend to resolve the claims identified in Plaintiffs' complaint through this Consent Decree;

**WHEREAS**, the parties consider this Consent Decree to be a just, fair, adequate, and equitable resolution of the claims raised in this action;

**WHEREAS**, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

**WHEREAS**, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Water Act;

**NOW**, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is ordered and decreed:

1. This Court has jurisdiction over this case under 33 U.S.C. § 1365(a)(2) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 33 U.S.C. § 1365(c) and 28 U.S.C. § 1391(e);
2. On or before December 1, 2026, the EPA Administrator shall sign a final rule promulgating revised and new numeric water quality criteria for priority toxic pollutants in Florida's surface waters, unless prior to such promulgation the State of Florida has adopted revised and new water quality criteria for priority toxic pollutants which the Administrator determines to be in accordance with the Clean Water Act. *See* 33 U.S.C. § 1313(c)(4).
3. After signature, EPA shall transmit by email a pre-publication copy of the final rule to counsel for Plaintiffs.
4. Not later than 15 business days after signature on the final action described in Paragraph 2, EPA shall send notice of the action to the Office of the Federal Register for review and publication in the Federal Register.
5. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation, including attorney fees, until the Consent Decree is terminated in accordance with Paragraph 7 of this Consent Decree.
6. The deadline for filing a motion for costs of litigation (including attorney

fees) is extended until 90 days after the Court enters this Consent Decree. During this period, the parties shall seek to resolve any claim for costs of litigation and if they cannot, Plaintiffs will file a motion for costs of litigation or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request and shall have 60 days to respond to any motion for costs of litigation. Plaintiffs shall have 30 days to file a reply in support of their motion.

7. After EPA has completed the actions set forth in Paragraphs 2–4 of this Consent Decree, notice of the final action required by Paragraph 2 has been published in the Federal Register, and the parties have resolved costs of litigation, EPA may move to have this Consent Decree terminated. Only in the event Plaintiffs assert EPA has failed to meet its obligations under this Consent Decree may Plaintiffs withhold consent to such a motion. Plaintiffs shall have 14 days to respond to such a motion.

8. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA and filed with the Court, or (b) by the Court upon motion by any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply. Any other provision of this Consent Decree may also be modified by the Court following the

motion of a party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

9. The possibility exists that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the deadlines in this Consent Decree. Such situations include, but are not limited to, a government shutdown; catastrophic environmental events requiring immediate and/or time consuming response by EPA; and extreme weather events. Should a delay occur due to such circumstances, any resulting failure to fulfill any obligation set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadline so affected shall be extended one day for each day of the delay. EPA will provide Plaintiffs with reasonable notice if EPA invokes this Paragraph. Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution process set forth in Paragraph 13.

10. If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to a deadline in Paragraphs 2–4 in this Consent Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this

Consent Decree pursuant to Paragraph 8.

11. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the Clean Water Act and general principles of administrative law, including discretion to alter, amend, or revise any final action contemplated by this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

12. Nothing in this Consent Decree shall be construed to confer upon the Court jurisdiction to review any decision made in the final action identified in Paragraph 2.

13. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer to attempt to resolve the dispute. If the parties cannot reach an agreed-upon resolution within 10 business days after receipt of the notice, any party may move the Court to resolve the dispute.

14. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be considered properly filed unless

Plaintiffs have followed the procedure set forth in Paragraph 13 and provided EPA with written notice received at least 10 business days before the filing of such motion or proceeding.

15. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds legally available for such purposes. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

16. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, or to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

17. Any notices required or provided for by this Consent Decree shall be made in writing, via email, and sent to the following (or any new address of counsel as listed in the docket):

For Plaintiffs:

David A. Ludder
Law Office of David A. Ludder, PLLC
9150 McDougal Ct.
Tallahassee, FL 32312
Telephone: (850) 386-5671

Email: davidaludder@enviro-lawyer.com

For Defendant:

Chief, Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-2219
Facsimile: (202) 514-8865
Email: alex.hardee@usdoj.gov
Reference: DJ# 90-5-1-4-22967

Lauren Maher
Office of General Counsel
U.S. Environmental Protection Agency
William J. Clinton Federal Building
1200 Pennsylvania Ave. NW
Washington, DC 20460
Telephone: (202) 564-9888
Email: maher.lauren@epa.gov

18. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

19. This Consent Decree constitutes a complete settlement of all claims in this case.

20. Plaintiffs and EPA jointly drafted this Consent Decree. The parties agree that all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute

concerning the terms, conditions, or interpretation of this Consent Decree.

21. The undersigned representatives of each party certify that they are authorized by the party they represent to consent to entry of this Consent Decree.

**DONE** and **ORDERED** in Jacksonville, Florida on October 27, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record